1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

YOUR TOWN ONLINE, INC.,

Plaintiff,

v.

ALL TRIBAL NETWORKS, LLC, et al.,

Defendants.

Case No. 21-cv-04442-JD

**ORDER RE APPLICATION FOR TEMPORARY RESTRAINING ORDER**

Re: Dkt. No. 8

Plaintiff Your Town Online, Inc. seeks a temporary restraining order enjoining defendants All Tribal Networks, LLC, Spy Ego Media, LLC, and James Guzman "from interfering with Your Town Online's microwave transmissions between the town of Willits and Mount Sanhedrin and from communicating to Your Town Online's customers and/or prospective customers that Your Town Online will not be able to provide internet service in the future." Dkt. No. 8 at 1.

A TRO is denied.

**STANDARDS**

A temporary restraining order enjoins conduct pending a hearing on a preliminary injunction. *See* Fed. R. Civ. P. 65(b). When, as here, "notice of a motion for a temporary restraining order is given to the adverse party, the same legal standard as a motion for a preliminary injunction applies." *Fang v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 16-cv-06071-JD, 2016 WL 9275454, at \*1 (N.D. Cal. Nov. 10, 2016), *aff'd*, 694 F. App'x 561 (9th Cir. 2017) (citation omitted).

The Supreme Court has emphasized that injunctive relief is "an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of

1    equities tips in his favor, and that an injunction is in the public interest." *Alliance for the Wild*

2    *Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011) (quoting *Winter*, 555 U.S. at 20).

3    Alternatively, a preliminary injunction may issue where "serious questions going to the merits

4    were raised and the balance of hardships tips sharply in plaintiff's favor," if the plaintiff "also

5    shows that there is a likelihood of irreparable injury and that the injunction is in the public

6    interest." *Id.* at 1135.  This reflects our circuit's "sliding scale" approach, in which "the elements

7    of the preliminary injunction test are balanced, so that a stronger showing of one element may

8    offset a weaker showing of another." *Id.* at 1131; *see also Arc of California v. Douglas*, 757 F.3d

9    975, 983 (9th Cir. 2014).

10    　　　In all cases, at an "irreducible minimum," the party seeking an injunction "must

11    demonstrate a fair chance of success on the merits, or questions serious enough to require

12    litigation." *Pimentel v. Dreyfus*, 670 F.3d 1096, 1105-06 (9th Cir. 2012) (internal quotation and

13    citation omitted); *see also Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) ("The first

14    factor under *Winter* is the most important -- likely success on the merits.").  Because of this

15    importance, when "a plaintiff has failed to show the likelihood of success on the merits, we need

16    not consider the remaining three [*Winter* elements]." *Id*. (internal quotations and citations

17    omitted).

18    **DISCUSSION**

19    　　　Your Town Online presented seven legal claims in its first amended complaint, Dkt. No. 7,

20    but asks for a TRO based only on alleged violations of the Communications Act of 1934.  *See* Dkt.

21    No. 8 at 1.  That corresponds to Your Town Online's first count for "Unlawful Actions pursuant to

22    Federal Communications Act," Dkt. No. 7 ¶¶ 41-48, which is alleged against defendants Round

23    Valley Indian Tribes and All Tribal Networks, while the TRO request is directed against All

24    Tribal Networks, Spy Ego Media, and James Guzman.  Your Town Online did not address this

25    ambiguity in the TRO application.

26    　　　In any event, the TRO application did not make a sufficient showing on the merits to

27    warrant extraordinary relief.  Your Town Online's main contention is that All Tribal Networks is

28    "transmitting on the 6 GHz frequency pair for the sole purpose of interfering with Your Town

2

1    Online's radio communications."  Dkt. No. 8 at 11; *see also id*. at 13 ("Round Valley Indian

2    Tribes, through All Tribal Networks is deliberately utilizing its system to cause interference with

3    Your Town Online's transmissions").  Whether that is true is far from "abundantly clear," as Your

4    Town Online would have it, *id*. at 11, especially since it acknowledges that Round Valley Indian

5    Tribes have a license from the Federal Communications Commission (FCC) to use that very

6    frequency pair.  *See* Dkt. No. 8 at 12; Dkt. No. 12.  Your Town Online says that "[t]he 6.212 GHz

7    and 5.960 GHz frequency pair simply should not have been licensed to Round Valley Indian

8    Tribes in such close proximity to Your Town Online's existing path," Dkt. No. 8 at 12, but mere

9    dissatisfaction with another's license is hardly grounds for a TRO, all the more so because the

10   FCC is not a defendant here.

11   Your Town Online's assertion that All Tribal Networks is using a frequency pair (that was

12   assigned to it) "for the sole purpose of interfering with Your Town Online's radio

13   communications" is a purely conclusory allegation untethered to any facts that might establish a

14   likelihood of success on the merits, or even raise a serious merits question.  Because Your Town

15   Online has failed to clear the merits threshold, consideration of the remaining *Winter* elements is

16   not necessary.  *See Garcia*, 786 F.3d at 740.  Even so, it is worth noting that Your Town Online's

17   claims of irreparable harm are not persuasive.  Your Town Online says that it "will lose its

18   customers to All Tribal Networks," Dkt. No. 8 at 13, but even accepting that as true for present

19   purposes, such a commercial or business loss is a quintessential monetary injury that "is not

20   normally considered irreparable."  *Los Angeles Memorial Coliseum Comm'n v. Nat'l Football*

21   *League*, 634 F.2d 1197, 1202 (9th Cir. 1980).  Your Town Online also has not demonstrated that it

22   is suffering an injury to its reputation or goodwill that would not be similarly compensable.

23   The balance of the equities also does not tip sharply in Your Town Online's favor and the

24   requested injunction is not in the public interest.  While Your Town Online advocates for

25   "maintenance of the status quo," Dkt. No. 8 at 14, the requested injunction would not accomplish

26   that.  Rather, the status quo would be to continue to allow All Tribal Networks to make use of the

27   frequencies for which it has an FCC license.

28

3

**CONCLUSION**

To be sure, at this early stage of the case, the Court cannot say whether Your Town Online might not ultimately prevail on some or even all of its claims. The Court concludes only that Your Town Online has failed to establish that it is entitled to the extraordinary remedy of a temporary restraining order. The TRO application is denied.

**IT IS SO ORDERED.**

Dated: July 9, 2021

_____
JAMES DONATO
United States District Judge